# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0623-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MOMODU F. ROGERS a/k/a
MOMODU FES ROGERS,
and MOMODO ROGERS,

    Defendant-Appellant.

_____

Submitted September 23, 2025 – Decided October 17, 2025

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 16-02-0188, 16-04-0549, 18-02-0242, 18-12-1612 and 19-03-0497.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the briefs).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a Law Division order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm in part and remand in part.

I.

In 2016, a Middlesex County Grand Jury returned Indictment Numbers 16-02-0188 and 16-04-0549, each charging defendant with two counts: third-degree burglary, N.J.S.A. 2C:18-2a(1) and third-degree theft by unlawful taking, N.J.S.A. 2C:20-3a. In June 2016, defendant pled guilty to burglary on Indictment Number 16-02-0188 and theft on Indictment Number 16-04-0549. Pursuant to the plea agreement, he was sentenced to concurrent five-year periods of probation.

While on probation, defendant was indicted on three new Middlesex cases. In 2017, a grand jury returned Indictment Number 18-02-0242, again charging defendant with third-degree burglary and theft. In 2018, a grand jury returned Indictment Number 18-12-1612, charging defendant with third-degree burglary

A-0623-24

and attempted theft. In 2019, a grand jury returned Indictment Number 19-03-0497, charging defendant with third-degree burglary and attempted theft.[1]

Based on the three new indictments, defendant was charged with violating his probation ("VOP"). In May 2019, defendant, represented by counsel, was tried on the VOPs. The State presented witness testimony and video evidence. He was found guilty by the court and sentenced to concurrent three-year terms of imprisonment.

Thereafter, in July, defendant, represented by the same VOP counsel, pled guilty to the theft count of Indictment Number 18-02-0242, and the burglary counts of Indictment Numbers 18-12-1612 and 19-03-0497. On each count, defendant was sentenced to four-year terms of imprisonment, concurrent to each other, and consecutive to the sentences on the VOPs. The remaining counts were dismissed.

We affirmed all the sentences pursuant to an Excessive Sentence Oral Argument calendar. State v. Rogers, A-1655-19 (App. Div. June 30, 2020) (slip op. at 1); State v. Rogers, A-1660-19 (App. Div. June 30, 2020) (slip op. at 1).

---

[1] All five of the cases involved defendant breaking into and either stealing or attempting to steal from his former employer.

A-0623-24

Defendant then filed a timely petition for PCR. He argued his counsel rendered ineffective assistance of counsel ("IAC") for failing to apply him to Recovery Court[2]. He also claimed he was not informed about immigration consequences before he entered his guilty plea to the three subsequent indictments.

After considering the parties' written submissions and oral arguments, the PCR court rendered a written decision and concluded defendant did not satisfy the two-prong test of Strickland[3] to find IAC. Notwithstanding counsel's assertion that she perceived herself to be ineffective, the PCR court found she provided defendant effective representation.

The PCR court also found defendant failed to establish that he was prejudiced by his counsel's alleged deficient representation; specifically, because defendant had been advised of his potential immigration consequences at the time of his initial plea. Moreover, the court determined that any immigration consequences were as a result of the initial plea, not because of the VOP. Finally, the PCR court concluded that because defendant failed to establish a prima facie claim of IAC, he was not entitled to an evidentiary hearing.

---

[2] Effective January 1, 2022, Drug Court was renamed Recovery Court.

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984).

Defendant raises the following point for our consideration on appeal:

> [DEFENDANT] IS ENTITLED TO RELIEF OR AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL DURING PLEA NEGOTIATIONS AND AT SENTENCING, LEADING TO HIS DEPORTATION.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). "[PCR] provide[s] a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding "'the right to the effective assistance of counsel.'" Nash, 212 N.J. at 541 (quoting Strickland, 466 U.S. at 686). Our review is deferential to a PCR court's factual findings which are supported by sufficient credible evidence. State v. Gideon, 244 N.J. 538, 551 (2021) (citing Nash, 212 N.J. at 540). Review of a PCR court's interpretation of law is de novo. Nash, 212 N.J. at 540-41.

IAC claims must satisfy the two-prong test set forth in Strickland, 466 U.S. at 687, and adopted by the New Jersey Supreme Court in State v. Fritz, 105

N.J. 42, 57-58 (1987). "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687). The defendant must prove counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. To satisfy the second prong, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" State v. Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). "Prejudice is not to be presumed." Id. at 551 (citing Fritz, 105 N.J. at 52). "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693).

To establish a prima facie claim of IAC during the pretrial process, a defendant must show that counsel's inadequacies led him to forgo a trial-alternative that resulted in more severe consequences. Lafler v. Cooper, 566 U.S. 156, 168 (2012). In deciding if a defendant has established a prima facie claim, courts must "view the facts in the light most favorable to a defendant."

A-0623-24

State v. Preciose, 129 N.J. at 463.  The Preciose Court further stated that a defendant usually needs a hearing to establish a record to support his claim of ineffective assistance of counsel.  Ibid.

When a guilty plea is involved, a defendant must show "'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'"  State v. Nuñez Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).  "In other words, 'a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'"  State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020) (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014)).  "The petitioner must ultimately establish the right to PCR by a preponderance of the evidence."  O'Donnell, 435 N.J. Super. at 370.

This is because there is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Therefore, counsel's errors "even if professionally unreasonable" will not require setting aside a judgment if they had no effect on the judgment.  Id. at 691.  A defendant must demonstrate

7

A-0623-24

"how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

A defendant is entitled to an evidentiary hearing if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)); see also State v. Marshall, 148 N.J. 89, 158 (1997). When a PCR court does not hold an evidentiary hearing, our review is de novo. State v. Harris, 181 N.J. 391, 421 (2004). If a prima facie case is made, a hearing must be held; the court should not presume the outcome of the hearing. State v. Russo, 333 N.J. Super. 119, 140 (App. Div. 2000). On appeal, the court analyzes a PCR judge's decision to deny a hearing on an abuse of discretion standard. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

### III.

On appeal, defendant argues that his constitutional rights were violated because his attorney failed to properly advise him of his immigration consequences during the VOP process and subsequent plea negotiations. He also asserts that counsel was ineffective for not applying him to Recovery Court at

A-0623-24

his VOP. Defendant asserts this constitutes a prima facie showing of IAC under Strickland, and thus, requests that the case be remanded for an evidentiary hearing to develop these claims further.

A.

First, defendant contends IAC for not discussing immigration consequences with him during the sixth month pre-VOP hearing process. Specifically, defendant argues he was a legal permanent resident and did not know if he was sentenced to over one-year imprisonment he became deportable. See 8 U.S.C. § 1101(a)(43)(G) (sentence of over one year imprisonment is an aggravated felony, making a defendant mandatorily deportable). We are not persuaded.

The record reflects that regardless of whether counsel discussed immigration consequences with defendant before his VOP trial, he already had notice that his actions had immigration consequences. On his initial plea form, defendant documented that: he was not a citizen; the plea may result in his removal from the United States; he could seek individual immigration advice; he had discussed the potential immigration consequences with his attorney; he understood the consequences of violating his probation; and he still wanted to plead guilty. Moreover, defendant acknowledged during his plea colloquy he

9

was satisfied with his counsel's representation and that his attorney had satisfactorily answered all his questions. For those reasons, defendant cannot successfully assert that he did not know of his immigration consequences at the time of his VOP.

Moreover, defendant, in his certification, never asserted that VOP trial counsel, or his initial VOP counsel, failed to discuss immigration consequences with him. He only stated that he did not know that a sentence exceeding one-year made him a deportable aggravated felon. This is in contrast to a certification provided by defendant from a senior attorney from trial counsel's office charged with giving immigration advice to the other attorneys. That counsel stated that she "had a pre-indictment advisal request on [defendant] from the attorney who preceded [VOP trial counsel] in which I advised her on both the new charges and any potential VOP." (emphasis added). Tellingly, defendant's prior counsel did not provide an affidavit stating that they did not discuss defendant's immigration consequences with him. Consequently, defendant has not established a prima facie case that immigration consequences were not discussed with him.

Even if defendant had established that the immigration consequences were not discussed with him, it is hard to imagine how counsel's alleged deficient performance preceding the VOP trial prejudiced defendant under the second

Strickland prong. At the VOP, there was no guilty plea. Rather, at trial, the State proved defendant had violated probation by presenting the three new indictments and witness testimony.[4] Based on the overwhelming credible evidence presented, there was nothing counsel could have done at the VOP trial to change the court's guilty finding. Further, as the VOP court summarized, it was the punishment, not the VOP conviction, that caused the immigration issues. Accordingly, the PCR court correctly rejected defendant's argument that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

B.

Defendant also asserts that he did not seek immigration advice prior to his pleading guilty to the last three indictments. This is a bare assertion belied by the record. On defendant's plea forms, he indicated that: he was not a citizen but was a LPR (legal permanent resident); the plea may result in his removal from the United States; he could seek individual immigration advice; he had discussed the potential immigration consequences with his attorney; and he still wanted to plead guilty.

---

[4] Although defendant now challenges the evidence produced at the VOP, the proper course would have been for him to appeal the guilty finding by direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1996) (explaining that Rule 3:22-4 imposes a procedural bar to prevent claims from being raised on PCR that reasonably could have been raised on direct appeal.)

At sentencing, the trial court and counsel discussed the following:

> THE COURT: He's likely to be deported as a result of this.
>
> COUNSEL: He is. [Prior counsel] did an immigration consult for him. And, unfortunately, there was never an agreement that was on the table that would not have had immigration consequences. So at this point, he is deportable. I guess [prior counsel] did try and work something out for that, but it just never was possible.
>
> ….
>
> COUNSEL: It does make him deportable, but there's not a proceeding in place right now.

The record clearly reflects that defendant and counsel were aware of his immigration consequences.

C.

Finally, defendant argues that counsel was ineffective for failing to consider and apply him to Recovery Court. He states that had an application been submitted: all of his cases would have been consolidated; he would have been accepted; received appropriate treatment; and successfully completed probation. Therefore, he asserts that he would not have been sentenced to prison for more than one year and become deportable.

For Recovery Court, "[l]egal eligibility is a threshold question that must be decided in all cases." State v. Harris, 466 N.J. Super. 502, 551 (2021). "Every

12

candidate falls under one of two distinct and mutually exclusive tracks." Ibid. "To determine legal eligibility, the trial court must first determine whether the defendant is a Track One or Track Two candidate." Ibid. "A defendant is a Track One candidate if, and only if, [they are] presently subject to the presumption of imprisonment in N.J.S.A. 2C:44-1(d) or to a mandatory period of parole ineligibility." Ibid.

"Track Two is reserved for drug dependent defendants who are not subject to the statutory presumption of imprisonment or a mandatory term of parole ineligibility." Id. at 525. "Those defendants may be admitted to Drug Court . . . pursuant to the statutory authority of the court to impose a probationary sentence under N.J.S.A. 2C:45-1." Ibid.

If defendant had applied to Recovery Court, he would have been a Track Two candidate as the indictments at issue for him were not subject to a presumption of imprisonment or a mandatory term of parole ineligibility. Eligibility for Track Two is governed by the Recovery Court Manual which provides ultimate discretion to the judge, who should give serious consideration to the prosecutor's recommendation. Admin. Off. of the Cts., N.J. Statewide Recovery Court Manual (Jan. 2022) 3-4. Factors to consider for Track Two eligibility include: a review of the original complaint, state rap sheets, probation

13

records, presentence investigation reports, and other sources of criminal history information. Further, a recovery court prosecutor can recommend a legal rejection if the applicant is a potential danger to the community. Id. at 16.

In support of his petition, defendant submitted a substance abuse evaluation from a former Treatment Assessment Services for the Courts ("TASC") Evaluator which stated that he was, and continues to be, eligible for Recovery Court. Defendant also submitted an expert report stating that at the time of the offenses, he suffered from an alcohol use disorder. This contrasts defendant's comments at the time of his original sentence to probation, where he proclaimed that he did not drink, smoke, or use drugs.

The defendant and State disagree if defendant is currently clinically eligible for Recovery Court. The State posits that defendant's expert report opines that "[defendant] does not require substance abuse treatment at this juncture, because he has already completed treatment and has been abstinent from alcohol since 5/19/19." But, defendant believes, based on his TASC expert, that he can still benefit from treatment if he is admitted into Recovery Court.

If defendant proves he was clinically eligible for Recovery Court, the question remains if he was legally eligible. To be legally eligible, the court

14

would have to find that he was not a danger to the community. Per the Manual, "[d]anger to the community means that the supervisory resources of recovery court are not adequate to safely treat the defendant in the community at the appropriate level of care." N.J. Statewide Recovery Court Manual, at 3-4. To assess an applicant's potential danger, the Manual requires the court to analyze factors. First, the court must consider Recovery Court's supervision capabilities. Ibid. Second, the court must assess the type and degree of risk an applicant poses if he or she had the benefit of appropriate addiction treatment. Ibid. Then, the court must decide whether Recovery Court's supervision capabilities are sufficient to mitigate the identified risk(s). Ibid.

Defendant contends that he was not a danger to the community and that he would have been admitted into Recovery Court. However, the State asserts that based on defendant's initial two indictments, his violation of probation, and his commission of new offenses–involving the same facts and victim–strongly indicate that he posed a danger to his community and thus, would not be recommended for or admitted into Recovery Court.

Because these are material issues of fact that cannot be resolved based on the existing record, a limited evidentiary hearing is required to resolve whether

it was ineffective for his VOP counsel to refrain from applying him to Recovery Court.

In determining whether defendant received IAC, on remand the PCR court should decide: (1) if defendant had a substance abuse dependency that would qualify him for Recovery Court; (2) could that dependency have been known by his VOP counsel; (3) was there a connection between a dependency and defendant's offenses; (4) did defendant pose a danger to the community that could not adequately be treated by Recovery Court; and (5) if defendant would have been accepted into Recovery Court, would he still be eligible.

To the extent we have not addressed any other arguments raised by defendant, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed in part, remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0623-24